IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**JUDGE CASTILLO**

**MAGISTRATE JUDGE VALDEZ**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 07CR 0275 |
| | ) | 07 CR 275 |
| v. | ) | Violations: Title 18, United States Code |
| | ) | Sections 2, 1956(a)(3)(A), and |
| IMRAN A. AZIZ | ) | 1956(a)(3)(C) |

**FILED**
J:N MAY X3 2007
5-3-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL DECEMBER 2005 GRAND JURY charges:

On or about February 27, 2006, in the Northern District of Illinois, Eastern Division,

IMRAN A. AZIZ,

defendant herein, with the intent to avoid a transaction reporting requirement under federal law, knowingly conducted and attempted to conduct a financial transaction, that is, the receipt of approximately $21,000 in United States currency for transfer, a portion of which had been represented to be the proceeds of specified unlawful activity, namely, the sale of counterfeit cigarettes, which transaction affected interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.

## COUNT TWO

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

On or about February 27, 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

IMRAN A. AZIZ,

defendant herein, with the intent to promote the carrying on of specified unlawful activity, that is, trafficking in contraband cigarettes, knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce, namely, the deposit of $5,381 in United States currency into the National Republic Bank of Chicago for further transfer;

In violation of Title 18, United States Code, Sections 1956(a)(3)(A) and 2.

## COUNT THREE

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

On or about May 16, 2006, in the Northern District of Illinois, Eastern Division,

IMRAN A. AZIZ,

defendant herein, with the intent to avoid a transaction reporting requirement under federal law, knowingly conducted and attempted to conduct a financial transaction, that is, the receipt of approximately $22,000 in United States currency for transfer, a portion of which had been represented to be the proceeds of specified unlawful activity, namely, the sale of counterfeit cigarettes, which transaction affected interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.

## COUNT FOUR

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

On or about November 1, 2006, in the Northern District of Illinois, Eastern Division,

IMRAN A. AZIZ,

defendant herein, with the intent to avoid a transaction reporting requirement under federal law, knowingly conducted and attempted to conduct a financial transaction, that is, the receipt of approximately $37,500 in United States currency for transfer, a portion of which had been represented to be the proceeds of specified unlawful activity, namely, the sale of counterfeit cigarettes, which transaction affected interstate and foreign commerce;

In violation of Title 18, United States Code, Sections 1956(a)(3)(C) and 2.

## FORFEITURE ALLEGATION

The SPECIAL DECEMBER 2005 GRAND JURY further charges:

1. The allegations of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 982.

2. As a result of his violations of Title 18, United States Code, Section 1956, as alleged in the foregoing Indictment,

IMRAN A. AZIZ,

defendant herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any and all right, title, and interest he may have in any property, real and personal, involved in money laundering offenses and traceable to the property involved in the offenses, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 982.

3. The interests of the defendant subject to forfeiture pursuant to Title 18, United States Code, Section 982, include: all money and other property that was the subject of each transaction; all property constituting proceeds obtained as a result of those violations; and all property of the defendant used in any manner or part to commit or to facilitate the commission of those violations.

4. By virtue of the commission of the offenses charged in this Indictment by the defendant, all right, title and interest that any defendant has in the above-described property

5

is vested in the United States and hereby forfeit to the United States pursuant to Title 18, United States Code, Section 982.

5. If any of the forfeitable property described above, as a result of any act or omission by the defendant:

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the Court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY